## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.:

ASHLEY FLANDERS,

      Plaintiff,

v.

CALLCORE MEDIA INC
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY FLANDERS ("Ms. Flanders" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, CALLCORE MEDIA INC ("CCM" or "Defendant"), a Florida Profit Corporation, and alleges as follows:

1.    Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), and for violation of Florida's Private Whistleblower Act, Section 448.102, Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, an equal amount as liquidated damages, front pay, emotional distress damages, reinstatement,

equitable relief, front pay, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3.     This Court also has supplemental jurisdiction over Plaintiff's FWA claim, as it arises out of the same operative facts and circumstances as her FMLA claims.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant.

5.     Defendant is a Florida profit company that is located and does business in Volusia County, Florida, and is therefore within the jurisdiction of this Court.

6.     Plaintiff worked for Defendant in Volusia County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

7.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from qualifying event as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9.     Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

## FACTUAL ALLEGATIONS

10.     Plaintiff worked for Defendant as a Human Resources Director from March 12, 2013, until her unlawful termination on August 11, 2020.

11.     Defendant's agents continuously engaged in unethical and unlawful conduct throughout Plaintiff's employment.

12.     In early 2020, Maintenance Worker, Sidney Garcia ("Mr. Garcia"), found needles and opiate paraphernalia in the drawer of Chief Operations Officer, Natalia Fenwick ("Ms. Fenwick").

13.     Mr. Garcia took photos of the needles and showed them to Ms. Flanders and Chief Executive Officer, Clint Lee ("Mr. Lee"), and informed the pair that he found them in Ms. Fenwick's desk.

14.     Shockingly, Mr. Lee questioned Ms. Flanders about the illegal activity, even forcing her to show him her arms to ascertain that she was not the individual utilizing illegal drugs. Shocked, Ms. Flanders complied, as it was clear that the paraphernalia belonged to Ms. Fenwick.

15.     Despite this, neither Mr. Lee, nor any other of Defendant's agents disciplined Ms. Fenwick, or attempted to have her curtail her on-the-job illegal activities.

16.     Ms. Flanders objected to Mr. Lee regarding Ms. Fenwick's illegal activity. Additionally, refusing to be associated with this unlawful activity, Ms. Flanders later distanced herself from Ms. Fenwick due to her illegal actions.

17.     Ms. Flanders' objections and refusal to be associated with unlawful activity are considered "protected activities" under the FWA.

18.     Angry at Ms. Flanders' objections and refusal to partake in/endure Ms. Fenwick's illegal activity, Ms. Fenwick retaliated against Ms. Flanders through illusory and retaliatory work performance actions.

19.     Ms. Fenwick's unlawful actions and retaliatory treatment of Ms. Flanders was well-known in the workplace.

20.     For example, in March 2020, Ms. Fenwick admitted to being a "professional bullshitter" to Manager, Chris Cline ("Mr. Cline"). The latter responded that he is in the business of "manipulating people."

21.    Around that same time, Ms. Fenwick openly alluded to taking illegal drugs, and called Ms. Flanders a "fucking idiot" to other managers.

22.    On April 1, 2020, Ms. Flanders informed Ms. Fenwick that her children's school and childcare options were closed due to the burgeoning COVID-19 pandemic.

23.    At that time, Ms. Flanders further disclosed to CCM that she required a period of unpaid leave pursuant to the FMLA in order to care for her children and recently born toddler.

24.    Ms. Flanders also advised Ms. Fenwick at that time of the paid leave provisions of the Families First Coronavirus Response Act ("FFCRA") such as the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), and their respective provisions and protections.

25.    In response to Ms. Flanders's disclosures, CCM failed to provide Ms. Flanders any FMLA paperwork, and failed to advise Ms. Flanders of her rights and obligations under the FMLA, and its extended benefits under the FFCRA/EFMLEA.

26.    Instead, Ms. Fenwick responded to Ms. Flanders' request by telling her that if she took FMLA/EFMLEA, she would be "laid off" or "terminated," in violation of the law.

27.    Ms. Fenwick then instructs Mr. Lee, Owner, Scott Bufton ("Mr. Bufton"), Operations Manager, Christopher Cline ("Mr. Cline"), and IT Manager,

Jon Laur ("Mr. Laur") to cease communicating with Ms. Flanders and informs them of her plans of terminating Plaintiff due to her request for leave.

28.    On April 1, 2020, Ms. Flanders received an e-mail notification showing that Ms. Fenwick contacted a Human Resources ("HR") Hotline for advice on firing Ms. Flanders due to her request for FMLA/EFMLEA.

29.    Due to this blatant retaliation, Ms. Flanders feared that she would be terminated if she sought protected leave in order to care for her children during a deadly pandemic.

30.    To make matters worse, after Ms. Flanders' request for FMLA/EFMLEA, Ms. Fenwick loaded Ms. Flanders up with extra work in an effort to retaliate against her and push her out of her employment.

31.    This retaliation was also public, that Ms. Fenwick brainstormed with other managers about how much work she could give to Ms. Flanders, as they pondered how long it would be before they "broke her."

32.    Unable to withstand the unlawful retaliation by her supervisors, on July 27, 2020, Ms. Flanders objected to Mr. Cline, about the harassment and pain she had endured and unlawful coercion by Ms. Fenwick relating to Plaintiff's FMLA/EFMLEA.

33.    Ms. Flanders' objections are, again, considered protected activity under the FWA.

34.     In response to her objections, Mr. Cline instructed Plaintiff to get another job, and stated that he, too, has "a game to play."

35.     On August 7, 2020, Ms. Flanders received another e-mail notification due to Ms. Fenwick, again, contacting Respondent's HR hotline on advice on how to fire Ms. Flanders.

36.     Left with nowhere to turn, as her objections fell on deaf ears, Ms. Flanders was distraught.

37.     On August 11, 2020, Ms. Flanders' logins were suddenly suspended, which indicated Defendant's intention to terminate her.

38.     Afraid that she was going to lose her job, on August 12, 2020, Ms. Flanders reiterated every objection every unlawful act and FMLA/EFMLEA interference/retaliation to Mr. Lee via e-mail to no avail.

39.     Ms. Flanders later learned that Defendant actually terminated her employment and replaced her the same day on August 11, 2020, without her knowledge.

40.     CCM was, and still is, unable to offer any cogent reason for its extreme adverse employment action against Ms. Flanders.

41.     Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Flanders notifying CCM of her need to care for her children, and in retaliation for Ms. Flanders's need to utilize unpaid leave pursuant

to the FMLA/EFMLEA in order to address same, and in retaliation for her objections to Defendant's violations of law.

42.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

43.     Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA/EFMLEA interference and retaliation, and retaliation for Plaintiff's objections to Defendant's violations of law.

44.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA/EFMLEA.

45.     The timing of Plaintiff's attempted use of what should have been protected FMLA/EFMLEA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

46.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her attempted utilization of what should have been protected FMLA leave.

47.     Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

48.    The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and her firing, is sufficiently close to create the necessary nexus between the events.

49.    The persons to whom Plaintiff voiced her objections to Defendant's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating her employment.

50.    As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord. Plaintiff's daughter also failed the seventh grade due to Defendant's retaliatory tactics.

51.    Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Flanders as a whistleblower under the law.

52.    In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct.  *See id.*  at 916 (To establish a violation of the FWA, an employee must establish that: (1) (s)he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or

practice; (2) (s)he suffered an adverse employment action; and (3) the adverse employment action was causally linked to her or his objection or refusal).

53.     Plaintiff was terminated in direct retaliation for reporting and objecting to Defendant's unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

54.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

55.     Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

56.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

57.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 22-32, 34-46, 54-56, above, as if fully set forth in this Count.

58.     At all times relevant hereto, Plaintiff was protected by the FMLA.

59.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

60.    At all times relevant hereto, Defendant interfered with Plaintiff by voicing displeasure about Plaintiff's attempted utilization of what should have been protected FMLA leave, by failing to inform her of her rights and responsibilities under the FMLA and to provide her FMLA paperwork upon her disclosure of her need to care for her children, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

61.    At all times hereto, Plaintiff was protected by the EFMLEA due to her children's school closure as a result of COVID-19. *See* 29 C.F.R. § 826.60.

62.    At all times relevant hereto, Plaintiff was protected from interference under the EFMLEA.

63.    At all times relevant hereto, Defendant interfered with Plaintiff by voicing displeasure about Plaintiff's attempted utilization of what should have been protected EFMLEA leave, by failing to inform her of her rights and responsibilities under the EFMLEA and to provide her FMLA paperwork upon her disclosure of her need to care for her children, and by refusing to allow Plaintiff to exercise her EFMLEA rights freely.

64.    Defendant's violation of the EFMLEA also constitutes interference in violation of the FMLA. *See* 29 C.F.R. § 826.151.

65.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

67.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 22-32, 34-46, 54-56, above, above, as if fully set forth in this Count.

68.     At all times relevant hereto, Plaintiff was protected by the FMLA.

69.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

70.     At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for need to care for her children, for applying or attempting to apply for FMLA leave, and for utilizing or attempting to utilize what should have been FMLA-protected leave.

71.  Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

72.  At all times hereto, Plaintiff was protected by the EFMLEA due to her children's school closure as a result of COVID-19. *See* 29 C.F.R. § 826.60.

73.  At all times relevant hereto, Plaintiff was protected from retaliation under the EFMLEA.

74.  At all times relevant hereto, Defendant interfered with Plaintiff by voicing displeasure about Plaintiff's attempted utilization of what should have been protected EFMLEA leave, by failing to inform her of her rights and responsibilities under the EFMLEA and to provide her FMLA paperwork upon her need to care for her children, and by refusing to allow Plaintiff to exercise her EFMLEA rights freely.

75.  Defendant's violation of the EFMLEA also constitutes interference in violation of the FMLA. *See* 29 C.F.R. § 826.151.

76.  As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

77.  As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT - UNLAWFUL RETALIATION

78.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40, 42, 47-56, above, as if fully set forth in this Count.

79.     On August 11, 2020, Defendant illegally terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

80.     Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

81.     Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

82.    As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 3rd day of August 2021.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*